IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

09 OCT 13  AM 10: 16

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| GERALD KALLAUS<br>11846 Kennington Square West<br>Pickerington, OH 43147, | : | Case No. 2:09 CV. 899 |
| | : | |
| and | : | Judge _____ JUDGE SMITH |
| | : | |
| ANNE KALLAUS<br>11846 Kennington Square West<br>Pickerington, OH 43147, | : | MAGISTRATE JUDGE ABEL |
| | : | Magistrate Judge _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE DEATH BENEFIT PLAN<br>One Nationwide Plaza<br>P.O. Box 182171<br>Columbus, OH 43218-2171, | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| BENEFITS ADMINISTRATIVE COMMITTEE<br>As PLAN ADMINISTRATOR<br>Nationwide Death Benefit Plan<br>One Nationwide Plaza<br>P.O. Box 182171<br>Columbus, OH 43218-2171, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

For their Complaint against the Defendants, The Nationwide Death Benefit Plan and its

Plan Administrator, the Plaintiffs, Gerald and Anne Kallaus, state as follows:

1

**Parties**

1.       Plaintiffs Gerald and Anne Kallaus are beneficiaries of the Nationwide Death Benefit Plan.

2.       Defendant Nationwide Death Benefit Plan is an employee welfare benefit plan established and maintained under the Employee Retirement Income Security Act by Nationwide Mutual Insurance Company for the purpose of providing, *inter alia*, benefits in the event of accidental death.

3.       Defendant Benefits Administrative Committee is the duly appointed plan administrator of the Nationwide Death Benefit Plan.

**Jurisdiction and Venue**

4.       The Plaintiffs' claims arise under ERISA.  The Court has jurisdiction under 29 U.S.C. §1132.

5.       The benefit plan at issue in this case is administered, in part, in Franklin County, Ohio.  Venue is proper in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

6.       At the time of his death, Bradley W. Kallaus, was an employee of the Nationwide Mutual Insurance Company or one of its subsidiaries or affiliates.

7.       As a benefit of his employment, Bradley W. Kallaus was a participant in the Nationwide Death Benefit Plan (the "Plan").

8.       Bradley W. Kallaus named his parents, Plaintiffs Gerald and Anne Kallaus, as beneficiaries of any benefits due under the Plan.

9.       Bradley W. Kallaus died on September 20, 2008 due to a medication error.

10.     The Licking County coroner determined Bradley Kallaus's death to be accidental.

11.     On or about January 13, 2009, the Plaintiffs timely applied for benefits from the Plan.

12.     The Plan Administrator, acting through its agents and employees, did not begin investigating Plaintiffs' claim until March 31, 2009, 78 days after the Plaintiffs submitted their claim for benefits.

13.     On May 18, 2009, 126 days after Plaintiffs submitted their claim for benefits, the Plan Administrator, acting through its agents and employees, sent Plaintiffs' claim file to an external reviewer.

14.     On May 29, 2009, 137 days after Plaintiffs submitted their claim for benefits, the Plan Administrator, acting through its employees and agents, denied Plaintiffs' claim.

15.     Plaintiffs, through counsel, timely appealed the Plan Administrator's decision.

16.     In conjunction with Plaintiffs' appeal, on July 9, 2009 Plaintiffs requested a copy of the administrative record and also requested a 60-day extension within which to submit evidence in support of Plaintiffs' appeal.

17.     On July 23, 2009, having received neither a response to their request for a copy of the administrative record nor a response to their request for an extension, Plaintiffs again wrote to request a copy of the record and a 60-day extension of time.

18.     With a letter dated July 29, 2009, the Plan Administrator mailed Plaintiffs a copy of the administrative record but denied Plaintiffs' request for a 60-day extension.  The Plan Administrator instead informed Plaintiffs that any evidence they wished to submit in support of their appeal must be submitted within seven days.

19.     Plaintiffs again objected to the limited time available to prepare an appeal and renewed their request for a 60-day extension of time.

20.     The Plan Administrator did not further respond to Plaintiffs' request for additional time and, instead, issued its decision denying Plaintiffs' appeal.

21.     Plaintiffs have exhausted the administrative remedies available to them.

## Count I – For Breach of Fiduciary Duty

22.     The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

23.     Plaintiffs bring this claim against the Benefits Administrative Committee under 29 U.S.C. §§1132(a)(2) and (a)(3) and seek equitable relief.

24.     Plaintiffs timely and properly requested a 60-day extension of time within which to submit additional evidence in support of their appeal.

25.     Defendant Benefits Administrative Committee possessed discretionary authority to grant the extension of time that Plaintiffs requested.

26.     Defendant Benefits Administrative Committee denied Plaintiffs' request for a 60-day extension of time within which to submit additional evidence in support of their appeal.

27.     Defendant Benefits Administrative Committee did not offer Plaintiffs an explanation as to why their requested extension of time was denied.

28.     The Secretary of Labor has established administrative regulations governing the processing of claims for benefits.

29.     The Secretary's regulations provide that claims of the type submitted by Plaintiffs should be adjudicated within 60 days.

30.     The Plan itself pledges that it will conduct a "full and fair review" and render a decision on a claim for benefits "within 60 days (120 days if special circumstances apply)."

31.     The Plan Administrator did not begin its investigation of Plaintiffs' claim for benefits until after the 60-day limitation had expired.

32.     The Plan Administrator did not even submit the claim file to an external reviewer until after the 120-day limitation had expired.

33.     The Plan Administrator did not issue its decision until after the 120-day limitation had expired.

34.     In light of the Plan Administrator's cavalier observation of claims processing deadlines applicable to itself, and in light of the Plan Administrator's failure to explain to Plaintiffs why their request for an extension of time could not be granted, the Plan Administrator's denial of Plaintiff's request for an extension of time was arbitrary and capricious and constitutes a breach of fiduciary duty.

35.     As a remedy for this breach of duty, Plaintiffs ask this Court to remand this matter to the Plan Administrator with instructions that the Plan Administrator afford Plaintiffs sixty days within which to supplement the record with evidence in support of the Plaintiffs' claim for benefits.

**Count II – For Benefits**

36.     The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

37.     Plaintiffs bring this claim against the Plan under 29 U.S.C. §§1132(a)(1)(B) and seek benefits.

38.     Bradley W. Kallaus's death was an accident within the terms of the Plan.

39.     Defendants acted arbitrarily and capriciously in denying Plaintiffs' application by, *inter alia*, refusing to afford Plaintiffs additional time within which to submit evidence in support of their claim and by ignoring the evidence provided by the Licking County Coroner.

40.     Plaintiffs are entitled to benefits under the Plan.

WHEREFORE, Plaintiffs Gerald and Anne Kallaus demand judgment in their favor and seek one or more orders from the Court, as follows:

A.     Determining that the Plan Administrator breached its fiduciary duty, directing that the case be remanded to the administrator, and directing that the Plaintiffs be afforded an additional 60 days within which to supplement their appeal;

B.     Determining that the Plan's decision denying Plaintiffs' claim was arbitrary and capricious;

C.     Directing the Plan to pay benefits to the Plaintiffs in accordance with the terms of the Plans;

D.     Awarding pre-judgment and post-judgment interest;

E.     Awarding attorney's fees and the costs of this action; and

F.     Awarding such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

Tony C. Merry          (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
3300 Riverside Drive, Suite 125
Columbus, Ohio  43221
(614) 372-7114
(614) 372-7120 [fax]
tmerry@tmerrylaw.com


OF COUNSEL:

David I. Shroyer          (0024099)
Colley Shroyer & Abraham Co., LPA
536 S. High St.
Columbus, Ohio  43215-5605
(614) 228-6453
(614) 228-7122 [fax]
lawyershroyer@rrohio.com